IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| BENJAMIN CORTEZ SWIFT, #A1050487 | ) ) ) | CIVIL NO. 08-00100 JMS-KSC |
| Plaintiff, | ) ) | ORDER DISMISSING COMPLAINT IN PART AND DIRECTING |
| vs. | ) ) | SERVICE ON THE REMAINING DEFENDANTS |
| BERYL IRAMINA, MICHAEL CARVALHO, BENJAMIN L. CATRIZ, and CLEMENT GUSMAN, | ) ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

## ORDER DISMISSING COMPLAINT IN PART
## AND DIRECTING SERVICE ON THE REMAINING DEFENDANTS

On February 28, 2008, pro se Plaintiff Benjamin Cortez Swift

("Plaintiff"), a Hawaii prisoner incarcerated at Halawa Correctional Facility

("HCF") in Aiea, Hawaii, filed a prisoner civil rights Complaint pursuant to 42

U.S.C. § 1983.  Plaintiff is proceeding *in forma pauperis*.  *See* Doc. No. 7.

Plaintiff names Beryl Iramina, Michael Carvalho, Benjamin L. Catriz, and Clement

Gusman in their individual capacities as Defendants.  For the following reasons,

Plaintiff's Complaint is DISMISSED in part with leave to amend.

# I.  **BACKGROUND**

Plaintiff sets forth three causes of action in his Complaint.[1]  The allegations in Plaintiff's Complaint allegedly occurred while he was incarcerated at Kulani Correctional Facility ("KCF") in Hilo, Hawaii.[2]  In Count One, Plaintiff complains that he was not given proper notice of administrative charges against him and that Defendant Catriz denied him a fair administrative hearing by precluding Plaintiff from calling fellow inmates as witnesses.  Compl. at 4.  Plaintiff also claims that Defendant Catriz retaliated against him due to a past incident.  *Id.*

In Count Two, Plaintiff alleges that he notified Defendants Gusman and Iramina of his problems with Defendant Catriz through letters and the administrative grievance procedure.  Plaintiff states that neither Defendant Gusman nor Iramina responded in any manner to his written grievances.  *Id.* at 5.

In Count Three, Plaintiff claims that Defendant Carvalho failed to conduct a complete investigation of the administrative charges against Plaintiff. *Id.* at 6.  Plaintiff also complains that Defendant Carvalho used excessive force

---

[1] In Counts One, Two, and Three Plaintiff alleges that his Fourth, Seventh, and Thirteenth Amendment rights under the United States Constitution, among others, have been violated.  The Fourth, Seventh, and Thirteenth Amendments, however, are wholly inapplicable to Plaintiff's claims and will not be addressed in this Order.

[2] Plaintiff was transferred from KCF to HCF in January 2008.

against Plaintiff when Plaintiff inquired about the investigation.  Specifically,

Plaintiff alleges that Defendant Carvalho, "pushed me away."  *Id.*  In addition,

Plaintiff complains that Defendant Carvalho's actions constituted retaliation.  *Id.*

Attached to Plaintiff's Complaint are: (1) five Notice of Report of

Misconduct and Hearing forms -- three dated January 15, 2008, one dated

November 1, 2007, and one dated August 12, 2007; (2) five inmate grievances that

appear to relate to the November 2007 administrative charges against Plaintiff; and

(3) copies of various prison policies and procedures.  Plaintiff seeks monetary

damages as well as injunctive relief in the form of having the administrative

infractions expunged from his record.  *Id.* at 7.

## II.  <u>LEGAL STANDARD</u>

A federal court must conduct a preliminary screening in any case in

which a prisoner seeks redress from a governmental entity or officer or employee

of a governmental entity.  28 U.S.C. § 1915A(a).  In its review, the court must

identify any cognizable claims and dismiss any claims that are frivolous,

malicious, fail to state a claim upon which relief may be granted, or seek monetary

relief from a defendant who is immune from such relief.  *Id.*; 28 U.S.C.

§ 1915A(b)(1), (2).

The court must construe pro se pleadings liberally and afford the pro se litigant the benefit of any doubt. *Morrison v. Hall*, 261 F.3d 896, 899 n.2 (9th Cir. 2001); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). "Unless it is absolutely clear that no amendment can cure the defect . . . , a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.* 66 F.3d 245, 248 (9th Cir. 1995); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

## III.  DISCUSSION

**A.    Plaintiff's Claims Against Defendants for Violation of His Due Process Rights Regarding the July 2007 Charge and August 2007 Administrative Hearing Are Dismissed**

As noted, attached to Plaintiff's Complaint is a copy of his Notice of Report of Misconduct and Hearing dated August 12, 2007, which concerns a charge filed against Plaintiff on July 11, 2007.  Plaintiff appears to attempt to state a claim of violation of his due process rights regarding the July 11, 2007 charge and August 2007 hearing.  Plaintiff, however, has asserted the same claims in his pending action *Swift v. Catriz, et al.*, Civ. No. 07-00474 HG-LEK.

The court may dismiss the complaint or individual claims

when the complaint or claims are duplicative of claims brought in another case.

*See* 28 U.S.C. § 1915A(b)(1) (allowing district courts to dismiss prisoner actions

that are frivolous); *see also Cato v. United States,* 70 F.3d 1103, 1105 n.2 (9th Cir.

1995) (finding no abuse of discretion in dismissing action as frivolous under 28

U.S.C. § 1915 where complaint "merely repeats pending or previously litigated

claims").  Accordingly, to the extent Plaintiff's Complaint includes a claim for

violation of his due process rights regarding the July 11, 2007 charge and August

2007 hearing, Plaintiff's claims are DISMISSED without leave to amend.[3]

### B.    Count Two Fails to State A Claim

Plaintiff appears to allege that KCF's inmate grievance system

is inadequate.  Plaintiff complains that he notified Defendants Gusman and Iramina

of his problems with Defendants Catriz and Carvalho through letters and the

administrative grievance procedure, but that neither Defendant Gusman nor

Defendant Iramina responded in any manner to his written grievances.  Compl. at

5.

Prisoners have no constitutional right to an inmate grievance system.

*Olim v. Wakinekona*, 461 U.S. 238, 249 (1983).  Thus, the non-existence of, or the

---

[3] To the extent Counts One and Three allege violations of Plaintiff's due process rights outside of the July 11, 2007 charge and August 2007 hearing, those claims are not dismissed by this Order.

failure of prison officials to properly implement an administrative process within the prison system does not raise constitutional concerns. *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993); *Flick v. Alba*, 932 F.2d 728 (8th Cir. 1991). "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." *Buckley*, 997 F.2d at 495 (*citing Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982); *see also Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." *Azeez*, 568 F. Supp. at 10; *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

Specifically, a failure to process or timely respond to a grievance, in and of itself, does not state a constitutional violation. *Buckley*, 997 F.2d at 495. Accordingly, Plaintiff's claims against Defendants Gusman and Iramina, set forth in Count Two, fail to state a viable due process claim and are DISMISSED. Unless the court determines that the pleading could not possibly be cured by the allegation of other facts, the court should grant leave to amend. *See Lopez,* 203 F.3d at 1130. Although it does not appear that Plaintiff could amend his Complaint to state a claim against Defendants Gusman and Iramina, the Court is unable to say that the deficiencies cannot be cured. Plaintiff is granted leave to amend.

### C.   Plaintiff's Claim Against Defendant Carvalho for Violation of His Eighth Amendment Right Is Dismissed

In Count Three, Plaintiff alleges that Defendant Carvalho used excessive force against him.  Plaintiff states that Defendant Carvalho, "pushed me away," when Plaintiff questioned him about an incident report he had written regarding Plaintiff.  Compl. at 6.

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishment Clause, the core judicial inquiry is . . . whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *see also Whitley v. Albers*, 475 U.S. 312 (1986).  It is widely accepted that not "every malevolent touch by a prison guard gives rise to a federal cause of action."  *Hudson*, 503 U.S. at 9 (*citing Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973) ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights.")).  "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind."  *Hudson*, 503 U.S. at 9-10 (internal quotations omitted).

Here, Plaintiff merely alleges that Defendant Carvalho pushed him. Plaintiff goes no further in identifying or describing the alleged excessive force nor does he claim any resulting injury.  At best, Plaintiff alleges *de minimis* force that does not rise to the level of inappropriate contact protected under the Eighth Amendment.  Accordingly, Plaintiff's claim against Defendant Carvalho for violation of his Eight Amendment right against use of excessive force is DISMISSED with leave to amend.

### D. Plaintiff's Claims Against Defendants Catriz and Carvalho for Retaliation Are Dismissed

In Count One, Plaintiff claims that Defendant Catriz retaliated against him due to a past incident.  Compl. at 4.  In addition, in Count Three, Plaintiff complains that Defendant Carvalho retaliated against him because Defendant Carvalho was also involved in the past incident with Defendant Catriz.  *Id.* at 6.

In the context of a prisoner, a viable claim of First Amendment retaliation contains five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights (or that the inmate suffered more than minimal harm) and (5) was not narrowly tailored to advance a legitimate correctional goal.  *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

8

In order to state a claim for retaliation under § 1983, a prisoner plaintiff must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action did not advance legitimate penological goals, such as preserving institutional order and discipline.  *See Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995); *Barnett v. Centoni*, 31 F.3d 813, 815-16 (9th Cir. 1994). *See also Hines v. Gomez*, 108 F.3d 265, 267 (9th Cir. 1997) (stating that retaliation claims require an inmate must show (1) that the prison official acted in retaliation for the exercise of a constitutionally-protected right, and (2) that the action "advanced no legitimate penological interest").

Plaintiff has not alleged that he was retaliated against for exercising his constitutional rights, nor has he alleged that the retaliation chilled any exercise of his First Amendment rights.  Plaintiff baldly states that Defendants Catriz and Carvalho retaliated against him because of a "past incident."  Plaintiff's allegations are insufficient to support a First Amendment claim for retaliation.  Accordingly, Plaintiff's claims against Defendants Catriz and Carvalho for retaliation are DISMISSED with leave to amend.

## IV.  <u>CONCLUSION</u>

1.  Plaintiff's claims against Defendants for violation of his due process rights regarding the July 11, 2007 charge and August 2007 hearing are **DISMISSED without leave to amend**.

2.  Plaintiff's claims against Defendants Gusman and Iramina for the allegedly inadequate prison grievance system are **DISMISSED with leave to amend**.

3.  Plaintiff's claim against Defendant Carvalho for violation of his Eight Amendment right against use of excessive force is **DISMISSED with leave to amend**.

4.  Plaintiff's claims against Defendants Catriz and Carvalho for retaliation are **DISMISSED with leave to amend**.

5.  Plaintiff's remaining claims in Counts One and Three against Defendants Catriz and Carvalho **shall proceed**.

6.  Plaintiff is given **up to and including May 16, 2008**, to amend his Complaint, if possible, to cure the deficiencies discussed above.  If Plaintiff decides to amend the Complaint in accordance with this Order, the amended complaint must "reproduce the entire pleading as amended and may not incorporate any part of a prior pleading by reference."  Local Rule 10.3.  The

document must bear the docket number assigned this case and must be clearly labeled "Amended Complaint."

7.  The Clerk of Court is DIRECTED to send Plaintiff a prisoner civil rights complaint form so that he may comply with this Order.

8.  Having now screened the Complaint pursuant to 28 U.S.C. § 1915(e)(2) & § 1915A, and determined that it sufficiently states a claim to proceed, the court orders that it be served by the U.S. Marshals.

9.  The Clerk of Court is directed to serve a copy of this Order and the Order Granting *In Forma Pauperis* on Plaintiff and the U.S. Marshals Service, at 300 Ala Moana Blvd., Room C-109, Honolulu, HI 96850-0229.

10.  The Clerk if Court is directed to send Plaintiff two [2] summons, two [2] USM-285 forms, two [2] Notice of Lawsuit and Request for Waiver of Service for Summons forms (AO 398), and two [2] Waiver of Service of Summons forms (AO 399), one **FOR EACH REMAINING NAMED DEFENDANT**.  The Clerk is also directed to send an instruction sheet and one copy of Plaintiff's Original Complaint (Doc. No. 1.).  Plaintiff must then complete the forms **FOR EACH REMAINING NAMED DEFENDANT** and submit the following documents to the U.S. Marshals Service:

a.      A completed USM-285 form, a copy of the

original Complaint, a copy of the Supplement to the
Complaint, a summons, a completed Notice of Lawsuit
and Request for Waiver of Service form (AO 398), and a
completed Waiver of Service of Summons form (AO
399), **FOR EACH REMAINING NAMED
DEFENDANT**.

11.  Upon receipt of the above-mentioned documents and a copy of

this Order, the U.S. Marshal shall serve a copy of the original Complaint, a copy of

the Supplement to the Complaint, a completed Notice of Lawsuit and Request for

Waiver of Service form (AO 398) and completed Waiver of Service of Summons

form (AO 399), on each Defendant as directed by Plaintiff pursuant to Rule 4 of

the Federal Rules of Civil Procedure without payment of costs.

12.  The U.S. Marshal is directed to retain the sealed summons and a

copy of the Complaint in his file for future use.

13.  The U.S. Marshal shall file returned Waiver of Service of

Summons forms as well as any requests for waivers that are returned as

undeliverable, as soon as they are received.

14.  If a Waiver of Service of Summons form is not returned by a

Defendant within sixty days from the date of mailing the request for waiver, the

U.S. Marshal shall:

a.    Personally serve the Defendant with the above-described
documents pursuant to Rule 4 of the Federal Rules of
Civil Procedure and 28 U.S.C. § 566(c) and shall

12

command all necessary assistance from the Department of Public Safety to execute this Order.

b.  Within ten days after personal service is effected, the U.S. Marshall shall file the return of service for the Defendant, along with evidence of any attempts to secure a waiver of service of summons and of the costs subsequently incurred in effecting service on said Defendant.  Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the U.S. Marshal's office for photocopying additional copies of the summons and Complaint and for preparing new USM-285 forms, if required.  Costs of service will be taxed against the personally served Defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2).

15.  Defendant(s) shall file an answer or otherwise respond to Plaintiff's Complaint within sixty [60] days after the date on which the request for waiver of service was sent (if formal service is waived), or twenty [20] days if service is not waived.  Failure to do so may result in the entry of default judgment.

16.  Plaintiff shall keep the court informed of any change of address. Such notice shall be titled "NOTICE OF CHANGE OF ADDRESS."  The notice shall contain **only** information about the change of address, and its effective date. The notice shall not include any requests for any other relief.  Failure to file the notice may result in the dismissal of the action for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.

17.  Plaintiff shall serve a copy of all further pleadings or documents submitted to the court upon the Defendant(s) or their attorney(s).  Plaintiff shall

include, with any original paper to be filed with the Clerk of Court, a certificate

stating the date that an exact copy of the document was mailed to the Defendants or

their counsel.  Any paper received by a District or Magistrate Judge which has not

been filed with the Clerk of Court or which does not include a certificate of service

will be disregarded.

        IT IS SO ORDERED.



         /s/ J. Michael Seabright
        J. Michael Seabright
        United States District Judge

*Swift v. Iramina, et al.*, Civ. No. 08-00100 JMS; ORDER DISMISSING COMPLAINT IN PART AND DIRECTING SERVICE ON THE REMAINING DEFENDANTS; hmg\screening orders 08\Swift 08-100 JMS (dsm in part)