IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BENJAMIN CORTEZ SWIFT, #A1050487<br><br>        Plaintiff,<br><br>    vs.<br><br>BERYL IRAMINA, MICHAEL CARVALHO, BENJAMIN L. CATRIZ, and CLEMENT GUSMAN,<br><br>        Defendants. | CIVIL NO. 08-00100 JMS-KSC<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT IN PART |

### ORDER DISMISSING FIRST AMENDED COMPLAINT IN PART

Before the court is pro se Plaintiff Benjamin Cortez Swift's ("Plaintiff") First Amended Complaint ("FAC"). Doc. No. 13. For the following reasons, Plaintiff's FAC is **DISMISSED IN PART**.

### I. BACKGROUND

On February 28, 2008, Plaintiff, a prisoner incarcerated at Halawa Correctional Facility ("HCF") in Aiea, Hawaii, filed a prisoner civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *in forma pauperis*. *See* Doc. No. 7. Plaintiff named Beryl Iramina, Michael Carvalho,

Benjamin L. Catriz, and Clement Gusman in their individual capacities as Defendants.

Plaintiff set forth three causes of action in his Complaint. The allegations in Plaintiff's Complaint allegedly occurred while he was incarcerated at Kulani Correctional Facility ("KCF") in Hilo, Hawaii.[1] In Count One, Plaintiff complained that he was not given proper notice of administrative charges against him and that Defendant Catriz denied him a fair administrative hearing by precluding Plaintiff from calling fellow inmates as witnesses. Compl. at 4. Plaintiff also claimed that Defendant Catriz retaliated against him due to a past incident. *Id.*

In Count Two, Plaintiff alleged that he notified Defendants Gusman and Iramina of his problems with Defendant Catriz through letters and the administrative grievance procedure. Plaintiff stated that neither Defendant Gusman nor Iramina responded in any manner to his written grievances. *Id.* at 5.

In Count Three, Plaintiff claimed that Defendant Carvalho failed to conduct a complete investigation of the administrative charges against Plaintiff. *Id.* at 6. Plaintiff also complained that Defendant Carvalho used force against Plaintiff when Plaintiff inquired about the investigation. Specifically, Plaintiff

---

[1] Plaintiff was transferred from KCF to HCF in January 2008.

alleged that Defendant Carvalho, "pushed me away." *Id.*  In addition, Plaintiff complained that Defendant Carvalho's actions constituted retaliation. *Id.*

Plaintiff attached several documents to his Complaint including: (1) five Notice of Report of Misconduct and Hearing forms -- three dated January 15, 2008, one dated November 1, 2007, and one dated August 12, 2007; (2) five inmate grievances that appear to relate to the November 2007 administrative charges against Plaintiff; and (3) copies of various prison policies and procedures. Plaintiff sought monetary damages as well as injunctive relief in the form of having the administrative infractions expunged from his record. *Id.* at 7.

On April 29, 2008, this court dismissed Plaintiff's Complaint in part and directed service on the remaining Defendants, Defendants Catriz and Carvalho.  Doc. No. 8.  The court concluded that Count Two failed to state a claim against Defendants Gusman and Iramina because prisoners have no constitutional right to an inmate grievance system. *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983).  The court also found that Count Three failed to state a claim against Defendant Carvalho for violation of Plaintiff's Eighth Amendment right against use of excessive force because, at best, Plaintiff alleged *de minimis* force that did not rise to the level of inappropriate contact protected under the Eighth Amendment.  Finally, the court held that Plaintiff failed to allege viable retaliation

claims against Defendants Catriz and Carvalho. Plaintiff did not allege that he was retaliated against for exercising his constitutional rights, nor did he allege that the retaliation chilled any exercise of his First Amendment rights. Plaintiff baldly stated that Defendants Catriz and Carvalho retaliated against him because of a "past incident." The court granted Plaintiff leave to amend his Complaint to cure the deficiencies discussed above.

On May 16, 2008, Plaintiff filed his FAC. Doc. No. 13. Plaintiff renames Defendants in their individual and official capacities. Plaintiff sets forth three causes of action. In Count One, Plaintiff again complains that Defendants Catriz and Carvalho retaliated against him. FAC at 5. In Count Two, Plaintiff claims that Defendants Iramina and Gusman failed to maintain order and safety at KCF. *Id.* at 6. In Count Three, Plaintiff realleges that the KCF administrative grievance system is ineffective. *Id.* at 7.

## II. LEGAL STANDARD

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous,

malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.*; 28 U.S.C. § 1915A(b)(1), (2).

The court must construe pro se pleadings liberally and afford the pro se litigant the benefit of any doubt. *Morrison v. Hall*, 261 F.3d 896, 899 n.2 (9th Cir. 2001); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). "Unless it is absolutely clear that no amendment can cure the defect . . . , a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

### III.  DISCUSSION

**A.   Plaintiff's Claims Against Defendants in Their Official Capacity for Damages Are Dismissed**

Neither a state nor its employees acting in their official capacity is considered a "person" under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989); *Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002); *Bank of Lake Tahoe v. Bank of Am.*, 318 F.3d 914, 918 (9th Cir. 2003).

Defendants, as state employees, are thus not subject to suit for damages in their official capacities. Claims for damages against Defendants in their official capacities are DISMISSED without leave to amend. An exception to this rule applies to claims for injunctive relief against a state official in his or her official capacity. *See Bank of Lake Tahoe*, 318 F.3d at 918. Because Plaintiff seeks monetary damages and injunctive relief, this exception is applicable to the instant case. Plaintiff's claims for injunctive relief against Defendants in their official capacities remain.

**B.     Plaintiff's Amended Claim Against Defendants Catriz and Carvalho for Retaliation Cures the Deficiencies of His Original Complaint and Shall Proceed**

In the April 29, 2008 Order dismissing Plaintiff's Complaint in part, the court notified Plaintiff of the legal standard applicable to retaliation claims. Plaintiff now provides sufficient information alleging that he was retaliated against for exercising his constitutional rights and that the retaliation chilled the exercise of his First Amendment rights. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *see also Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995); *Barnett v. Centoni*, 31 F.3d 813, 815-16 (9th Cir. 1994); *Hines v. Gomez*, 108 F.3d 265, 267 (9th Cir. 1997) (stating that retaliation claims require an inmate to show that (1) the prison official acted in retaliation for the exercise of a

constitutionally-protected right, and (2) the action "advanced no legitimate penological interest").

In Count One, Plaintiff restates his claim that Defendants Catriz and Carvalho retaliated against him. FAC at 5. Plaintiff now complains that after finding out that Plaintiff had filed a civil rights action against him, Defendant Carvalho contrived false administrative infractions against Plaintiff. *Id.* Plaintiff further claims that Defendant Carvalho spoke to Defendant Catriz about these false charges and that Defendant Catriz found Plaintiff guilty without first conducting an investigation. Accordingly, Plaintiff's claim against Defendants Catriz and Carvalho for retaliation shall proceed.

**C.     Count Two Fails to State a Claim**

In Count Two, Plaintiff renames Defendants Iramina (KCF Warden) and Gusman (KCF Captain) in their individual capacities. Plaintiff, however, makes only bare allegations against each Defendant as supervisors of KCF. Plaintiff's bare allegations fail to state a claim against Defendants Iramina and Gusman in their individual capacities. There is no *respondeat superior* liability under 42 U.S.C. § 1983. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Gibson v. County of Washoe, Nev.*, 290 F.3d 1175, 1185 (9th Cir. 2002). To state a civil rights claim

against an individual defendant, a plaintiff must allege facts, not mere conclusions, showing a defendant's "personal involvement" in the alleged constitutional deprivation or a "causal connection" between a defendant's wrongful conduct and the alleged constitutional deprivation.  *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998); *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989).

A supervisor may be held liable in his individual capacity "for his own culpable action or inaction in the training, supervision or control of his subordinates."  *Watkins v. City of Oakland, Cal.*, 145 F.3d 1087, 1093 (9th Cir. 1998) (*quoting Larez v. City of L.A.*, 946 F.2d 630, 646 (9th Cir. 1991)).  A supervisor may also be held liable if he or she implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation."  *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citations and internal quotations omitted).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient to state a claim.  *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

There is nothing in the FAC to suggest that Defendants Iramina or Gusman participated in or directed the alleged constitutional violations.  Likewise, Plaintiff does not allege inaction in the training, supervision or control of

subordinates, or the existence of a policy that can give rise to a § 1983 claim. Instead of tying Defendants Iramina or Gusman to any of the alleged violations, Plaintiff simply names them because of their general supervisory responsibilities at the prison facility. This is insufficient to state a claim against them in their individual capacity. Accordingly, Plaintiff's claims against Defendants Iramina and Gusman in their individual capacities are DISMISSED.

**D.     Count Three Fails to State a Claim**

In the April 29, 2008 Order, the court notified Plaintiff that his allegation that the KCF inmate grievance system is inadequate did not state a claim. The court also informed Plaintiff that it did not appear that he could amend his Complaint to state a viable constitutional claim on that basis. In Count Three, Plaintiff again baldly complains that the prison grievance system at KCF is inadequate. Plaintiff claims that he filed grievances, but never received a response from prison officials thereby violating his constitutional rights.

As noted in the April 29, 2008 Order, prisoners have no constitutional right to an inmate grievance system. *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983). More importantly, a failure to process or timely respond to a grievance, in and of itself, does not state a constitutional violation. *Buckley v. Barlow*, 997 F.2d

494, 495 (8th Cir. 1993). Accordingly, Count Three fails to state a viable claim and does not cure the deficiency discussed in the April 29, 2008 Order.

**E.     Plaintiff Is Granted Leave to Amend His FAC**

In his Complaint, Plaintiff complained that he was not given proper notice of the administrative charges against him and that Defendant Catriz denied him a fair administrative hearing by precluding Plaintiff from calling fellow inmates as witnesses. Compl. at 4. In addition, Plaintiff claimed that Defendant Carvalho failed to conduct a complete investigation of the administrative charges against Plaintiff. *Id.* at 6.

In the April 29, 2008 Order, the court notified Plaintiff that his claims against Defendants Catriz and Carvalho for the above-mentioned violations of his due process rights stated a claim and would proceed.[2] The court also informed Plaintiff that if he chose to amend his Complaint, he must "reproduce the entire pleading as amended and may not incorporate any part of a prior pleading by reference." Local Rule ("L.R.") 10.3. Plaintiff's FAC does not include the above-mentioned claims. It is unclear to the court whether Plaintiff intended to exclude these claims or if he misunderstood his obligation to reproduce the claims in his

---

[2] The court dismissed Plaintiff's claims for violation of his due process rights regarding the July 11, 2007 charge and August 2007 hearing as duplicative.

FAC.  Thus, Plaintiff is granted leave to amend his FAC so that he may add the above-mentioned claims against Defendants Catriz and Carvalho, if he so chooses. Amendment of Plaintiff's FAC, however, is limited to the addition of Plaintiff's original claims against Defendants Catriz and Carvalho for violation of his due process rights that the court found stated a claim in the April 29, 2008 Order.

If Plaintiff decides to amend his FAC, the Second Amended Complaint must "reproduce the entire pleading as amended and may not incorporate any part of a prior pleading by reference."  L.R. 10.3.  This means that Plaintiff must complete a **new prisoner civil rights complaint on the court's form**.  Plaintiff's Second Amended Complaint must: (1) **rename the existing Defendants** including Defendants Catriz and Carvalho; (2) **reallege Plaintiff's valid claims** including that: (a) Plaintiff did not receive proper notice of the administrative charges against him; (b) Defendant Catriz denied him a fair administrative hearing by precluding Plaintiff from calling fellow inmates as witnesses; and (c) Defendants Catriz and Carvalho retaliated against him for filing a civil action in the United States District Court for the District of Hawaii. Plaintiff's Second Amended Complaint must also bear the docket number

08-00100 JMS-KSC, and must be clearly labeled "Second Amended Complaint." Should Plaintiff elect not to amend the FAC, this matter will proceed on the retaliation claim only.

### IV.  CONCLUSION

1.  Plaintiff's claims against Defendants in their official capacities for damages are **DISMISSED without leave to amend**.

2.  Plaintiff's claims against Defendants Iramina and Gusman in their individual capacities as supervisors of KCF are **DISMISSED without leave to amend**.

3.  Plaintiff's claim that the prison grievance system at KCF is inadequate is **DISMISSED without leave to amend**.

4.  Plaintiff's claim against Defendants Catriz and Carvalho for retaliation **shall proceed**.

5.  Plaintiff's FAC does not include his claims against Defendants Catriz and Carvalho for violation of his due process that this court found stated a claim in the April 29, 2008 Order.  Thus, only Plaintiff's claims against Defendants Catriz and Carvalho for retaliation **shall proceed at this time**.

6.  Plaintiff is, however, **GRANTED up to and including July 2, 2008**, to amend his FAC to include those claims against Defendants Catriz and

Carvalho for violation of his due process rights that this court found stated a claim in the April 19, 2008 Order.

       7.  If Plaintiff decides to amend his FAC, the Second Amended Complaint must "reproduce the entire pleading as amended and may not incorporate any part of a prior pleading by reference."  L.R. 10.3.  This means that Plaintiff must complete a **new prisoner civil rights complaint on the court's form**.  Plaintiff's Second Amended Complaint must: (1) **rename the existing Defendants** including Defendants Catriz and Carvalho; (2) **reallege Plaintiff's valid claims** including that: (a) Plaintiff did not receive proper notice of the administrative charges against him; (b) Defendant Catriz denied him a fair administrative hearing by precluding Plaintiff from calling fellow inmates as witnesses; and (c) Defendants Catriz and Carvalho retaliated against him for filing a civil action in the United States District Court for the District of Hawaii.  Plaintiff's Amended Complaint must also bear the docket number 08-00100 JMS-KSC, and must be clearly labeled "Second Amended Complaint."

       8.  Plaintiff is notified that if he chooses **not** to file a Second Amended Complaint, he shall serve a copy of the First Amended Complaint upon Defendants or their attorney(s).  If, however, Plaintiff files a Second Amended Complaint, Plaintiff shall serve a copy of the Second Amended Complaint upon

13

the Defendant(s) or their attorney(s).  Plaintiff shall include, with his Second Amended Complaint to be filed with the Clerk of Court, a certificate stating the date that an exact copy of the document was mailed to the Defendant(s) or their counsel.  Any paper received by a District or Magistrate Judge which has not been filed with the Clerk of Court or which does not include a certificate of service will be disregarded.

       IT IS SO ORDERED.

       DATED:  Honolulu, Hawaii, June 10, 2008.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Swift v. Carvalho, et al.*, Civ. No. 08-00100 JMS; ORDER DISMISSING FIRST AMENDED COMPLAINT IN PART; hmg\Screening Orders 08\Swift 08-100 JSM (ord dsm FAC in part)